UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PENELOPE RILEY,

      Plaintiff,

v.                                                                      CIVIL ACTION NO. 23-cv-12463-IT

WOMEN'S LUNCH PLACE,
BOSTON HOUSNG AUTHORITY,
WOODS-MULLEN SHELTER/
BOSTON PUBLIC HEALTH COMMISSION, and
CITY OF BOSTON,

      Defendants.

## ORDER

February 29, 2024

**TALWANI, D.J.**

Before the court is Penelope Riley's Complaint [Doc. No. 1], Application to Proceed without Prepaying Fees or Costs [Doc. No. 2], and Request for Federal Order of Protection [Doc. No. 4]. After review of Riley's filings, the court rules as follows:

1. **The Application to Proceed in Forma Pauperis**

The Application to Proceed without Prepayment of Fees or Costs is ALLOWED.

2. **Screening of the Complaint**

    a. **Riley's Complaint is Subject to Screening under 28 U.S.C. §1915**

The Complaint is subject to screening pursuant to 28 U.S.C §1915(e)(2) because Riley is proceeding in forma pauperis. Under that statute, the court must dismiss an action to the extent that, among other things, it fails to state a claim upon which relief can be granted or seeks monetary damages from a party that is immune. In conducting this review, the court liberally

construes Riley's complaint because she is representing herself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

      b. **Riley must file an amended complaint by March 28, 2024 that complies with the basic pleading requirements of the Federal Rules of Civil Procedure**.

     Riley shall by **March 28, 2024** file an amended complaint that complies with the basic pleading requirement of the Federal Rules of Civil Procedure, or this action will be dismissed. Riley's complaint in its current form fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure and therefore is subject to dismissal. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Id. Here, Riley provides a list of statutes, narratives with claims liability under various statutes and legal theories, and finally broad requests for relief with statutory references. The problem with this approach is that is difficult to discern the contours of Riley's claims against each Defendant. Riley also includes claims that arguably do not belong to her. Unless she is a licensed attorney, Riley may only represent herself, and may not represent other persons. See Local Rule 83.5.5. ("[a]n individual appearing *pro se* may not represent any other party[.]").

In sum, Riley shall be granted leave to file an amended complaint – a new stand-alone document – stating facts supporting each claim against each defendant and setting forth plausible claims upon which relief may be granted. In preparing the amended complaint, Riley should not set forth her claims in a narrative format. Rather, the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id.

In essence, the amended complaint must succinctly set forth what Riley claims each defendants did (or failed to do), where it occurred, when it occurred, and the relief she seeks as to the defendants as to each claim. Put another way, a complaint must clearly identify the claims and relief Riley seeks and provide sufficient factual bases for each of the elements of the claims that she asserts as to each defendant. The caption must identify all defendants. Fed. R. Civ. P. 10(a). While Riley may include exhibits that are relevant to the claims, *see* Fed. R. Civ. P. 10(c), exhibits are not required and the use of exhibits does not excuse Riley of her responsibility to clearly and succinctly set forth the relevant allegations in the body of the amended complaint.

**3. Riley's Request for Federal Order of Protection**

Riley's Request for Federal Order of Protection is DENIED. This court has no jurisdiction over matters pending or decided in other districts. To the extent Riley is seeking relief from orders or judgments in other courts, or any other relief concerning other cases in other districts, she must seek relief from those courts or the appropriate appellate court.

**4. Effect of Failure to Comply with this Order.**

Failure to comply with this Order will likely result in dismissal of this action.

Summonses shall not issue except upon further order of the court.

**SO ORDERED.**

February 29, 2024                                       /s/ Indira Talwani
                                                        Indira Talwani
                                                        United States District Judge